IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY WILSON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR L. STANLEY, <br><br> Defendant Counter-Plaintiff, <br><br> vs. <br><br> TIMOTHY WILSON, JR., et al., <br><br> Counter-Defendants | Case No. 15-cv-1315-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 479 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). Defendant Counter-Plaintiff, Arthur Stanley, removed this case from the St. Clair County Circuit Court of Illinois on November 30, 2015 based on Federal Question (28 U.S.C. §1331) and Diversity Jurisdiction (28 U.S.C. §1441(a)). In his Amended Notice of Removal, Defendant states that Plaintiff Timothy Wilson, Jr., filed a Complaint against him for Forcible Entry and Detainer in Case Number 15-LM-1379 in the Circuit Court of St. Clair County, Illinois (Doc. 6, p. 3).

Removal is proper where the District Court has original jurisdiction. 28 U.S.C. §1441(a). District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States ("federal question"). 28 U.S.C. §1331. Defendant claims that the

state court proceedings violate his Due Process Rights; however, that is not the basis of Plaintiff's state court Complaint—Defendant himself stated that the state court proceeding was based on Plaintiff Timothy Wilson, Jr.'s, Complaint for Forcible Entry and Detainer (Doc. 6, p. 3). Therefore, the Court does not have subject matter jurisdiction based on a federal question.

With respect to diversity jurisdiction, District Courts also have original jurisdiction in all civil actions where the amount in controversy exceeds $75,000, and, for the purposes of the current motion, is between citizens of different States. 28 U.S.C. §1332(a)(1). The proceeding from which Defendant seeks removal is an eviction proceeding (Doc 6, p. 3). Defendant has not alleged that the parties are diverse, nor has he alleged that the amount in controversy in the state court case is $75,000 or more. Because this case does not involve a federal question and Defendant has not alleged diversity of citizenship between the parties, this Court lacks subject matter jurisdiction.

For the foregoing reasons, the Court **REMANDS** this cause back to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. In light of this Order, all other pending motions in this case are **DENIED as moot.**

**IT IS SO ORDERED.**

**DATED: January 26, 2016**

> s/ Staci M. Yandle
> **STACI M. YANDLE**
> **DISTRICT JUDGE**